IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DAVID J. D'ADDABBO,<br><br>    Plaintiff,<br><br>vs.<br><br>PRESIDENT BARACK OBAMA,<br>INTERNAL REVENUE SERVICE, and<br>STATE OF UTAH,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 1:12-cv-252 |

There are a number of motions currently pending in the above-captioned matter.  First, Plaintiff David J. D'Addabbo moves the court to enter a protective order against the Defendants (Dkt. No. 4) and to effect service on them (Dkt. No. 16).  Second, the State of Utah moves the court to dismiss this action (Dkt. No. 13).  Finally, President Barack Obama and the Internal Revenue Service (the Federal Defendants) move the court to quash the summons issued against them and to dismiss the case for failure to state a claim (Dkt. No. 15).  For the reasons stated below, the Plaintiff's motions are DENIED and the Defendants' motions are GRANTED.

Mr. D'Addabbo's Complaint is somewhat difficult to understand, but it appears that Mr. D'Addabbo asserts civil rights violations under 42 U.S.C. § 1983 and § 1985 as well as other federal statutes.  Among other alleged harms, Mr. D'Addabbo argues that he was not adequately compensated after a workplace accident, that he was arrested and forced to plead to false charges, that he was falsely judged to be a felon and that his wife was not allowed to claim him as a

dependant for tax purposes.  Mr. D'Addabbo requests $153 million in damages and seeks $2 trillion in additional damages for the American people at large.

The court is not deciding the merit of Mr. D'Addabbo's claims, and perhaps with the benefit of legal counsel he may be able bring his grievances in an appropriate action.  But here, Mr. D'Addabbo has sued Defendants who are entitled to the protections of sovereign immunity.  Accordingly, his claims must be dismissed.

The Eleventh Amendment bars claims against a state unless that state has waived immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Since the State of Utah has not waived immunity for civil rights suits, *see* Utah Code Ann. § 63g-7-101 *et seq.* (2010), the Eleventh Amendment bars Mr. D'Addabbo's suit against the State of Utah.  Similarly, Congress has not waved sovereign immunity for claims against the United States or its agencies and officers under either 42 U.S.C. § 1983 or § 1985.  *See, e.g., Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006).  In any event, 42 U.S.C. § 1983 applies to actions made under color of state law and is inapplicable to federal agencies.  As a result, Mr. D'Addabbo may not maintain his action against the IRS.  Finally, Mr. D'Addabbo's action against President Obama is barred because the President of the United States is absolutely immune for all civil claims against him arising out of his official acts as President.  *Nixon v. Fitzgerald*, 457 U.S. 731, 749-58 (1982).

The court agrees with the State of Utah and the Federal Defendants that Mr. D'Addabbo failed to properly serve a summons on them according to the requirements listed in Rule 4 of the Federal Rules of Civil Procedure since the summons was not signed by the Clerk of the Court and did not bear the court's seal.  While the court would normally allow a pro se plaintiff the

opportunity to attempt proper service,[1] the court finds there is no reason to do so here since the court dismisses the action on the grounds that all the Defendants are immune from suit for these types of claims.

For the reasons stated above, the Defendants' Motions to Dismiss (Dkt. Nos. 13 & 15) are GRANTED.  Mr. D'Addabbo's Motion for a Protective Order and Motion for Service of Process (Dkt. Nos. 4 & 16) are DENIED.  The court orders the Clerk of the Court to close the case.

SO ORDERED this 16th day of April, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[1] The court notes that it has already granted Mr. D'Addabbo a second chance to obtain proper service on the State of Utah (*see* Dkt. No. 7).